UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Armand M. Clemons | ) | |
|       Plaintiff, | ) | |
| | ) | No. 20 CV 50330 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Dr. Merrill Zahtz | ) | |
|       Defendant. | ) | |

**ORDER**

In her Third Amended Complaint, plaintiff Armand Clemons alleges that the defendant, Dr. Merrill Zahtz, was deliberately indifferent to her injured wrist while she was an inmate at Dixon Correctional Center. On August 4, 2021, Magistrate Judge Jensen conducted a *Pavey* hearing, and on September 1, 2021, entered a Report and Recommendation to grant Dr. Zahtz's request to dismiss the Third Amended Complaint because Ms. Clemons failed to administratively exhaust her claim against him. Dkt. 60. In support, Judge Jensen concluded that the sole grievance Ms. Clemons filed targeted only the failure of nurses to treat her injury, not any failure by Dr. Zahtz.

Judge Jensen gave the plaintiff to September 15, 2021, to file an objection, but she has not done so. Her counsel did file a motion for leave to file an amended complaint on September 15, 2021, *see* Dkt. 60, but even that filing does not take issue with Judge Jensen's Report and Recommendation. The Court has reviewed the Report and Recommendation and found it to be comprehensive and thorough, and concurs that Ms. Clemons' September 18, 2018, grievance, Dkt. 48-3 at 2-3, the only one of record involving her wrist injury, targets only the nurses she alleges were deliberately indifferent to her wrist injury, and mentions the facility's doctor only to note that the nurses would not let her see the doctor. In the absence of any objection by the plaintiff, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), this Court accepts the Report and Recommendation [60] of Judge Jensen. The request by defendant Dr. Zahtz to dismiss the Third Amended Complaint based on his affirmative defense of failure to exhaust is granted.

Turning to the plaintiff's motion for leave to amend [61], Ms. Clemons asks for leave to file a Fourth Amended Complaint to substitute as defendants the nurses whose conduct was the subject of her grievance. [1] In addition, she asks for leave to conduct limited discovery to learn the identities of those nurses so that she can name them in the proposed amended complaint. Ms. Clemons' motion for leave to amend a complaint is governed by Federal Rule of Civil Procedure 15(a)(2), under which "a party may amend its pleading only with the opposing party's written

---

[1] Although Ms. Clemons filed the motion for leave to amend only after Judge Jensen had recommended that her case be dismissed for failure to exhaust, at the time she sought leave to amend her case remained open. But even if the complaint had been dismissed and the case closed, a post-judgment motion for leave to amend is still subject to the liberal amendment policy of Fed. R. Civ. P. 15(a)(2). *See Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 521 (7th Cir. 2015)

consent of the Court's leave. The court should freely give leave when justice so requires." But a plaintiff is not entitled to leave automatically. "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . .'" *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision whether or not to allow leave falls within the discretion of the court. *See Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007).

Judge Jensen's Report and Recommendation from September 1, 2021, is not the first time the court noted that the nurses who allegedly failed to treat Ms. Clemons were not named as defendants. In this Court's order screening Ms. Clemons' Second Amended Complaint, it alerted the plaintiff to the following:

> Plaintiff mentions several nurses in her recitation of facts but does not name them as Defendants. It is not clear that she is trying to proceed against any nurses, and the Court does not analyze any potential claims against them. Plaintiff should be aware that she may not proceed with claims against any unidentified personnel. Instead, to proceed, she would have to identify them and then name them by name in an amended pleading that includes brief facts as to what each did to violate her rights. To do so, after an attorney appears for Defendant, she promptly may send the attorney a written list of questions seeking the identity of the nurse(s) and then seek leave to amend.

Dkt. 20 at 2 n.1. That order issued on January 8, 2021. Less than two weeks later on January 19, 2021, counsel for the defendant appeared. At that point, as spelled out in the January 8, 2021, order, Ms. Clemons was free to send questions to defense counsel to learn the names of the nurses, and then was free seek leave to amend. Ms. Clemons did seek leave to amend and filed her Third Amended Complaint on June 11, 2021. Dkt. 44. But as with her earlier complaints, she did not name the nurses as defendants, and never alerted the Court that she needed more time to get the names of the nurses from defense counsel. Only now after Judge Jensen conducted a *Pavey* hearing and issued her Report and Recommendation has Ms. Clemons sought to learn the identity of the nurses and name them as defendants. Her motion for leave offers no reason why she did not earlier attempt to learn the identities of the nurses after the Court invited her to do so on January 8, 2021.

Undue delay alone may not be a sufficient basis to deny leave to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004). But delay is not the only factor that favors denying leave to amend. Lack of any explanation for the delay also weighs towards denying leave, *see Sanders, et al. v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995), and leaves the movant unable to meet her burden of showing that her delay was justified, *see In re Ameritech Corp.*, 188 F.R.D. 280, 286 (7th Cir. 1999). The fact that the Court already addressed this issue with Ms. Clemons months ago but she did not act then also counsels against granting leave. Although unfair prejudice to Dr. Zahtz is not at play here the way it would be in the normal situation because Ms. Clemons is looking to drop him in favor of different defendants, the undue burden on the judicial system is a relevant factor. *See Fort Howard Paper Co. v.*

*Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990). In this case, Judge Jensen already presided over one *Pavey* hearing, considered the parties evidence and submissions, and issued a written decision. New defendants may well raise exhaustion as an affirmative defense all over again, unnecessarily draining the court's limited resources to address an issue that could have been dealt with in the original *Pavey* hearing had Ms. Clemons timely amended.

Finally, even if Ms. Clemons' attempt to amend had been timely, the futility factor would have weighed in favor of denying her leave. The plaintiff's allegations involve conduct from 2018, beyond the applicable two-year statute of limitations period for courts sitting in Illinois. *See Herrera v. Cleveland*, 8 F.4th 493, 495 n.2 (7th Cir. 2021). At this juncture, the Court does not conclude that an attempt to bring claims against the nurses now would be futile, for instance the nurses may never assert the statute of limitations as a defense. Nevertheless, that fact that the statute of limitations appears to have passed does not favor granting leave to amend. *See Shapo v. Engle*, No. 98 CV 7909, 2000 U.S. Dist. LEXIS 1691 at *6 (N.D. Ill. July 3, 2000) ("Leave to amend is also properly denied when the proposed amendment seeks to assert claims against new defendants which are barred by the applicable statute of limitations and which are not found to 'relate back' to the filing of the original complaint."). In addition, the Court notes that according to the Report and Recommendation, in November 2020, Dr. Zahtz approved the wrist surgery Ms. Clemons contends she needed, and the surgery was performed in March 2021. The fact that she obtained treatment may have impaired her ability to prevail against the nurses. *See, e.g., Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009) (a plaintiff may prevail on a delay in treatment claim only if the condition is sufficiently serious or painful, and only with medical evidence showing that the condition worsened because of the delay).

In an exercise of its discretion, the Court determines that, on balance, the relevant factors do not favor granting the plaintiff leave to amend to add defendants long after the Court first raised the issue of the nurses, after the plaintiff was already given the opportunity to seek their identities, already amended and did not add the nurses, and only after the *Pavey* hearing and the magistrate judge's adverse decision.

## CONCLUSION

For the reasons given, this Court accepts Judge Jensen's Report and Recommendation [60], dismisses the Third Amended Complaint, and denies the motion for leave [61]. Judgment shall enter.

Date: September 20, 2021     By: _____
                                  Iain D. Johnston
                                  United States District Judge